**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4621**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH WILLIE, JR., a/k/a Joe Willie, a/k/a Joe Mafia,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:21-cr-00021-FL-1)

───────────────

Submitted:  November 21, 2023                 Decided:  November 27, 2023

───────────────

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Willie, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; distribution of 500 grams or more of a mixture or substance containing methamphetamine and aiding and abetting, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A); and conspiracy to commit money laundering by concealment, in violation of 18 U.S.C. § 1956(a)(1), (h). The district court sentenced Willie to 312 months' imprisonment.

Willie's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Willie's sentence, which falls below the advisory Sentencing Guidelines range, is substantively reasonable. Willie filed a supplemental pro se brief, echoing counsel's argument that his sentence is substantively unreasonable and additionally arguing that the presentence report (PSR) contained unreliable drug weight information, that the district court erred in calculating his Guidelines range, and that the Government prejudicially exaggerated the offense conduct at sentencing without sufficient proof.[*] The Government

---

[*] Willie also argued that defense counsel failed to object to the PSR and did not review certain discovery with him. Liberally construing this as an argument that defense counsel rendered ineffective assistance, such a claim falls outside the scope of Willie's appeal waiver. However, "[b]ecause there is no conclusive evidence of ineffective assistance on the face of this record, [such a] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

has moved to dismiss the appeal as barred by Willie's waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Willie knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable. Willie's challenges to his sentence fall squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Willie's appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.

This court requires that counsel inform Willie, in writing, of the right to petition the Supreme Court of the United States for further review. If Willie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Willie. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3